**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.                 ) | **MISCELLANEOUS ACTION** |
|                     Plaintiff,      ) | |
|                          ) | **SUBPOENA IN A CIVIL CASE** |
|                          ) | |
|       vs.                    ) | Case No. |
|                          ) | |
| GOOGLE INC.                  ) | Principal case pending in Northern |
|                          ) | District of California, Civil Action No. |
|              Defendant.      ) | 3:10-cv-03561-WHA |

**ORACLE'S MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL THE DEPOSITION OF MOTOROLA**

Oracle America, Inc. ("Oracle") respectfully moves this Court for an order compelling Motorola Mobility, Inc. ("Motorola") to provide a witness in response to Oracle's 30(b)(6) deposition subpoena. Motorola is a third-party to the lawsuit between Oracle and Google Inc. ("Google") pending in the U.S. District Court for the Northern District of California. Oracle has asserted copyright and patent infringement claims against Google based on the inclusion of Oracle's Java technology in Google's Android software platform for mobile devices. Motorola is a manufacturer of Android devices containing software and features relevant to Oracle's claims against Google. Oracle seeks testimony from Motorola regarding the software installed on its Android devices and the tools Motorola uses to develop applications for the Android software platform.

Oracle has made a good faith effort to meet and confer before bringing this motion, as set forth in the Declaration of Roman Swoopes, filed herewith ("Swoopes Decl."). Despite Oracle's repeated attempts to schedule a 30(b)(6) deposition, Motorola has not provided any dates for the deposition to proceed.

Because the fact discovery cutoff in this case is August 15, 2011, Oracle respectfully asks the Court to expedite the ruling on the instant motion and to order Motorola to provide dates for the deposition on or before August 15.

## I.      FACTUAL BACKGROUND

On August 12, 2010, Oracle sued Google for infringement of Oracle's copyrights on its Java platform and on seven Java-related patents.  (Swoopes Decl. Ex. 1.)  The Java platform is a bundle of programs, specifications, reference implementations, and developer tools and resources that allow a user to deploy applications written in the Java programming language on servers, desktops, mobile phones, and other devices.  Google has developed the Android operating system and platform for mobile devices, relying heavily on Java technology but without licensing Java intellectual property.  Google actively distributes Android and promotes its use by manufacturers of mobile devices and application developers.

Motorola is one such manufacturer of Android devices.  Motorola manufactures and sells mobile devices installed with Android software.  Examples of Motorola Android devices include the Atrix 4G, Cliq, Cliq 2, Droid 2, Droid Pro, Droid X, Droid, Bravo, Flipside, Citrus, Defy, Charm, Backflip, Devour, and Xoom.  Oracle seeks to depose Motorola to confirm that the Android software is installed on Motorola's Android devices and to determine if any changes have been made to the software.  Oracle further seeks to confirm that Motorola uses the accused technology in developing applications for Android.

## II.      PROCEDURAL POSTURE

Motorola became aware of the underlying case at least by April 12, 2011, when Oracle served a subpoena on Motorola to produce Android-related documents and communications.  (Swoopes Decl. Ex. 2.)  Motorola served objections to the document subpoena on May 12, 2011, but did not produce any documents at that time.  (Swoopes Decl. ¶ 4.)  After providing several verbal assurances that documents would be forthcoming, on June 15, 2011, Motorola finally produced what appeared to be a log of changes that have been made to its copy of Android software.  (*Id.* ¶ 5.)  The log is the only technical document Motorola has produced to date.  (*Id.*)

The log alone is insufficient to tell whether the referenced software has been incorporated into any Motorola Android devices or to determine the origin of the referenced software. (*Id.* ¶ 7.)

On July 14, 2011, Oracle served a subpoena on Motorola to produce a witness to testify on two topics under Federal Rule of Civil Procedure 30(b)(6). (Swoopes Decl. Ex. 3.) Oracle's 30(b)(6) deposition notice specified the following topics:

> Topic 1: Each package and source code file Motorola retrieves from http://android.git.kernel.org for loading, installation, or execution on Motorola Android Devices, and any changes Motorola makes to those packages and source code files.
>
> Topic 2: The extent to which Motorola uses the Android dx tool, and whether Motorola has made any modifications to that tool.

(*Id.*) Topic 1 concerns any modifications Motorola has made to the Android packages and source code files that Google distributes to Motorola and others via the web site http://android.git.kernel.org. Topic 2 concerns the "Android dx tool," which is one of the accused Android functionalities in the underlying case.

On July 14, 2011, Oracle proposed that the deposition take place on July 27, 28, or 29, 2011. (Swoopes Decl. ¶ 12.) Motorola promised to check the witnesses' availability but did not return with a date. (*Id.*) Having not received a date, Oracle again asked Motorola to provide a date for the deposition. (*Id.* ¶ 13.) Motorola did not respond. (*Id.*) On July 24, 2011, Oracle proposed that Motorola be deposed during the first week of August. (*Id.* ¶ 14.) On July 28, 2011, Motorola responded that scheduling a deposition in July and August would be difficult due to conflicts with other pending litigation matters and personal plans of the witnesses. (*Id.* ¶ 15.) On the same day, Motorola served its objections and responses to Oracle's deposition subpoena. (*Id.*)

On August 2, 2011, Oracle informed Motorola that Oracle would be forced to file a motion to compel deposition by August 5, 2011, which is the last date for filing discovery motions in the underlying case. As of the filing of this motion, Motorola has not proposed any dates for the deposition.

### III.    ARGUMENT

"A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a)).  In considering a motion to compel, a district court "must evaluate such factors as timeliness, good cause, utility, and materiality." *Id.* (citing *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996)).

The Court should compel Motorola to produce a witness to testify on the two 30(b)(6) deposition topics.  Motorola's deposition is highly relevant to the underlying case because it will shed light on the material issue of whether Motorola's Android devices include the accused functionalities.  The log is insufficient for this purpose because it does not explain whether the changes are related to the accused functionalities or were incorporated into any Motorola Android devices.  Also, deposition is necessary to determine if Motorola uses the accused technology in developing applications for Android, because Motorola has not produced any documents regarding its internal application development.  Oracle's 30(b)(6) topics are very narrowly tailored to address the Android software installed on Motorola's Android devices and Motorola's Android application development.  Motorola has offered no good excuse for its refusal to provide a witness in response to Oracle's proper subpoena.  Despite Oracle's diligent efforts to schedule the 30(b)(6) deposition since it served the subpoena on July 13, 2011, and its willingness to be flexible about the date, Motorola has simply stonewalled, citing scheduling conflicts.  The fact that potential Motorola witnesses have scheduling conflicts cannot shield it from producing a 30(b)(6) witness.  *See New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 469 (N.D. Ill. 2007) ("[T]he fact that an executive has a busy schedule cannot shield him or her from being deposed.") (citations omitted).  Given the approaching close of fact discovery, this Court should require Motorola to produce its 30(b)(6) witness without any further delay.

### IV.    CONCLUSION

For the foregoing reasons, Oracle respectfully asks the Court to grant Oracle's motion to compel the deposition of Motorola, to be scheduled on or before August 15, 2011.

Pursuant to Local Rule 37.2, Oracle verifies that it has consulted with Motorola by telephone and email, and has made good faith attempts to resolve this matter with Motorola but was unable to do so.

Dated:  August 5, 2011                    Respectfully submitted,


                                          ORACLE AMERICA, INC.


*/s/ Todd H. Flaming* _____      MORRISON & FOERSTER LLP
  Todd H. Flaming                      MICHAEL A. JACOBS
                                          mjacobs@mofo.com
KRAUSFLAMING LLC                          MARC DAVID PETERS
TODD H. FLAMING                           mdpeters@mofo.com
Todd@KrausFlaming.com                     DANIEL P. MUINO
KENNETH E. KRAUS                          dmuino@mofo.com
Ken@KrausFlaming.com                      755 Page Mill Road
20 South Clark Street, Suite 2620         Palo Alto, CA  94304-1018
Chicago, IL 60603                         Tel: (650) 813-5600 / Fax: (650) 494-0792
Tel: (312) 447-7217
Fax: (312) 236-9201                       BOIES, SCHILLER & FLEXNER LLP
                                          DAVID BOIES
MORRISON & FOERSTER LLP                   dboies@bsfllp.com
DANIEL P. MUINO                           333 Main Street
dmuino@mofo.com                           Armonk, NY  10504
755 Page Mill Road                        Telephone: (914) 749-8200
Palo Alto, CA  94304-1018                 Facsimile: (914) 749-8300
Tel: (650) 813-5600 / Fax: (650) 494-0792 STEVEN C. HOLTZMAN
                                          sholtzman@bsfllp.com
*Attorneys for Plaintiff*                 1999 Harrison St., Suite 900
ORACLE AMERICA, INC.                      Oakland, CA  94612
                                          Tel: (510) 874-1000 / Fax: (510) 874-1460

                                          ORACLE CORPORATION
                                          DORIAN DALEY
                                          dorian.daley@oracle.com
                                          DEBORAH K. MILLER
                                          deborah.miller@oracle.com
                                          MATTHEW M. SARBORARIA
                                          matthew.sarboraria@oracle.com
                                          500 Oracle Parkway
                                          Redwood City, CA  94065
                                          Tel: (650) 506-5200 / Fax: (650) 506-7114

                                          *Attorneys for Plaintiff*
                                          ORACLE AMERICA, INC.
                                          in principal action

6

## CERTIFICATE OF SERVICE

I, Todd H. Flaming, an attorney, certify that I caused a copy of the attached Memorandum in Support to be served, this 5th day of August, 2011 upon the following parties as set forth below:

| | |
|---|---|
| MOTOROLA MOBILITY, INC.<br>c/o CT Corporation System<br>208 S. LaSalle Street<br>Suite 814<br>Chicago, Illinois 60604<br>(by process server)<br><br>GOOGLE INC.<br>(all counsel by email)<br>Robert F. Perry<br>Scott T. Weingaertner<br>Bruce W. Baber<br>Mark H. Francis<br>Christopher C. Carnaval<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>---<br>RPerry@kslaw.com<br>SWeingaertner@kslaw.com<br>bbaber@kslaw.com<br>mfrancis@kslaw.com<br>ccarnaval@kslaw.com<br>---<br>Google-Oracle-Service-<br>OutsideCounsel@kslaw.com<br>Fax:     212.556.2222<br><br>Donald F. Zimmer, Jr.<br>Cheryl Z. Sabnis<br>KING & SPALDING LLP<br>101 Second Street, Suite 2300<br>San Francisco, CA  94105<br>fzimmer@kslaw.com<br>csabnis@kslaw.com<br>Fax:  415.318.1300 | Timothy T. Scott<br>Geoffrey M. Ezgar<br>Leo Spooner III<br>KING & SPALDING, LLP<br>333 Twin Dolphin Drive, Suite 400<br>Redwood Shores, CA  94065<br>TScott@kslaw.com<br>GEzgar@kslaw.com<br>LSpooner@kslaw.com<br>Fax:     650.590.1900<br><br>Steven Snyder<br>KING & SPALDING LLP<br>100 N. Tryon Street, Suite 3900<br>Charlotte, NC 28202<br>ssnyder@kslaw.com<br>Fax:     704.503.2622<br><br>Brian Banner<br>King & Spalding LLP<br>401 Congress Avenue<br>Suite 3200<br>Austin, TX  78701<br>bbanner@kslaw.com<br>Fax.  512.457.2100 |

1

| | |
|---|---|
| Ian C. Ballon<br>Heather Meeker<br>GREENBERG TRAURIG LLP<br>1900 University Avenue, 5th Floor<br>East Palo Alto, CA  94303<br>ballon@gtlaw.com<br>meekerh@gtlaw.com<br>Fax:    650.328.8508<br><br>Valerie W. Ho<br>GREENBERG TRAURIG LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA  90404<br>hov@gtlaw.com<br>Fax:  310.586.7800 | Renny F. Hwang<br>GOOGLE INC.<br>1600 Amphitheatre Parkway<br>Mountain View, CA  94043<br>rennyhwang@google.com<br>Fax:    650.618.1806<br><br>Joseph R. Wetzel<br>Dana K. Powers<br>GREENBERG TRAURIG, LLP<br>153 Townsend Street, 8th Floor<br>San Francisco, CA  94107<br>wetzelj@gtlaw.com<br>powersdk@gtlaw.com<br>Fax:  415.707.2010<br><br>Robert A. Van Nest<br>Christa M. Anderson<br>Michael S. Kwun<br>Daniel Purcell<br>Eugene M. Paige<br>Matthias A. Kamber<br>KEKER & VAN NEST LLP<br>633 Battery Street<br>San Francisco, CA  94111-1809<br>rvannest@kvn.com<br>canderson@kvn.com<br>mkwun@kvn.com<br>dpurcell@kvn.com<br>epaige@kvn.com<br>mkamber@kvn.com<br>dalvik-kvn@kvn.com<br>Fax: 415.397.7188 |

/s/ *Todd H. Flaming*
_____

Todd H. Flaming