**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ORACLE AMERICA, INC. | ) | **MISCELLANEOUS ACTION** |
| Plaintiff, | ) | |
| | ) | **SUBPOENA IN A CIVIL CASE** |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| GOOGLE INC. | ) | Principal case pending in Northern |
| | ) | District of California, Civil Action No. |
| Defendant. | ) | 3:10-cv-03561-WHA |

**DECLARATION OF ROMAN A. SWOOPES IN SUPPORT OF MOTION**
**TO COMPEL THE DEPOSITION OF MOTOROLA**

I, Roman A. Swoopes, do declare as follows:

I am an associate in the law firm of Morrison & Foerster LLP, counsel of record for Oracle America, Inc. ("Oracle") in *Oracle America, Inc. v. Google, Inc.*, No. 3:10-CV-03561-WHA, pending in the U.S. District Court for the Northern District of California. I have personal knowledge of all the facts contained herein and, if called to testify, could and would competently testify thereto.

1.   On August 12, 2010, Oracle sued Google, Inc. ("Google") for infringement of Oracle's copyrights on its Java platform and on seven Java-related patents. Oracle has asserted copyright and patent infringement claims against Google based on the inclusion of Oracle's Java technology in Google's Android software platform for mobile devices.

2.   Motorola Mobility, Inc. ("Motorola") is a manufacturer of Android devices containing software and features relevant to Oracle's claims against Google.

3.   On April 12, 2011, Oracle served a subpoena on Motorola requesting the production of Android-related documents and communications. The document subpoena is attached hereto as Exhibit 2.

4.      Motorola served objections to the document subpoena on May 12, 2011 but did not produce any documents at that time.  Motorola's response indicated that it would produce documents responsive to only a subset of Oracle's 19 requests for production.

5.      After providing several verbal assurances that documents would be forthcoming, on June 15, 2011, Motorola's counsel produced a single document that appeared to be a log of changes that have been made to some undefined set of Motorola's Android software.  The log is the only technical document that Motorola has produced to date.

6.      The log, on its own, did not provide sufficient detail to determine whether the referenced software has been incorporated into any Motorola Android devices, as described in Oracle's request for production no. 4.

7.      The log, on its own, did not provide sufficient detail to determine the origin of the referenced software—whether from http://android.git.kernel.org, as described in Oracle's request for production no. 4, or from another source.

8.      The log, on its own, did not provide sufficient detail to identify the changes that Motorola made at the package or file level, as described in Oracle's request for production no. 4.

9.      Motorola subsequently supplemented its production with a set of business documents that my office received on June 20, 2011.  Neither the June 15 production nor the June 20 production purported to respond to Oracle's request for production no. 10, which covers Motorola's use of the Android "dx" tool.

10.      On July 6, 2011, I contacted Motorola's counsel, Jamie Beaber, seeking clarification of the spreadsheet produced on June 15.  While counsel indicated that he would investigate, Oracle received no substantive response to its questions.

11.      On July 14, 2011, Oracle served a subpoena on Motorola to produce a witness to testify on two topics under the Federal Rule of Civil Procedure 30(b)(6).  Oracle seeks to depose Motorola regarding the software installed on its Android devices and the tools Motorola uses to develop applications for the Android software platform.

12.    On July 14, 2011, I proposed to Motorola's counsel that the deposition could take place on July 27, 28, or 29, 2011. Motorola's counsel promised to check witness availability but did not return with a date.

13.    On July 19, 2011, I followed up with Mr. Beaber to inquire whether any of the proposed dates would work for Motorola. Motorola did not respond to this inquiry.

14.    On July 24, 2011, I proposed that Motorola be deposed during the first week of August.

15.    On July 28, 2011, Mr. Beaber responded that scheduling a deposition in July and August would be difficult due to conflicts with other pending litigation matters and personal plans of the witnesses. On the same day, Motorola served its objections and responses to Oracle's deposition subpoena. Motorola did not propose any dates for the deposition.

16.    The close of fact discovery in *Oracle America, Inc. v. Google, Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.) is August 15, 2011.

17.    Attached hereto as Exhibit 1 is a true and correct copy of Complaint for Patent and Copyright Infringement, which was filed on August 12, 2010.

18.    Attached hereto as Exhibit 2 is a true and correct copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, which was served on Motorola on April 12, 2011.

19.    Attached hereto as Exhibit 3 is a true and correct copy of Subpoena to Testify at a Deposition in a Civil Action, which was served on Motorola on July 14, 2011.


I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on August 5, 2011, in Palo Alto, California.


Signature

*Roman A. Swoopes*

Roman A. Swoopes

# EXHIBIT 1

COPY

1  MORRISON & FOERSTER LLP
   MICHAEL A. JACOBS (Bar No. 111664)
2  mjacobs@mofo.com
   MARC DAVID PETERS (Bar No. 211725)
3  mdpeters@mofo.com
   755 Page Mill Road
4  Palo Alto, CA 94304-1018
   Telephone: (650) 813-5600
5  Facsimile (650) 494-0792

6  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*Pro Hac Vice* Pending)
7  dboies@bsfllp.com
   333 Main Street
8  Armonk, NY 10504
   Telephone: (914) 749-8200
9  Facsimile: (914) 749-8300
   STEVEN C. HOLTZMAN (Bar No. 144177)
10 sholtzman@bsfllp.com
   1999 Harrison St., Suite 900
11 Oakland, CA 94612
   Telephone (510) 874-1000
12 Facsimile: (510) 874-1460

13 ORACLE CORPORATION
   DORIAN DALEY (Bar No. 129049)
14 dorian.daley@oracle.com
   DEBORAH K. MILLER (Bar No. 95527)
15 deborah.miller@oracle.com
   MATTHEW M. SARBORARIA (Bar No. 211600)
16 matthew.sarboraria@oracle.com500 Oracle Parkway
   Redwood City, CA 94065
17 Telephone: (650) 506-5200
   Facsimile: (650) 506-7114
18
   *Attorneys for Plaintiff*
19 ORACLE AMERICA, INC.

20                UNITED STATES DISTRICT COURT

21             NORTHERN DISTRICT OF CALIFORNIA

22

23 ORACLE AMERICA, INC.          Case No.  **CV10-03561**  LB

24          Plaintiff,           **COMPLAINT FOR PATENT AND
                                 COPYRIGHT INFRINGEMENT**
25     v.
                                 **DEMAND FOR JURY TRIAL**
26 GOOGLE, INC.

27          Defendant.

28

---

COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL
CASE NO.
pa-1418106

ADR

E-filing

ORIGINAL FILED

AUG 1 2 2010

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

1   Plaintiff Oracle America, Inc., by and through its attorneys, alleges as follows:

2   **PARTIES**

3   1.   Oracle America, Inc. ("Oracle America") is a corporation organized under the laws

4   of the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood

5   City, California 94065.  Oracle America does business in the Northern District of California.

6   2.   Upon information and belief, Defendant Google, Inc. ("Google") is a corporation

7   organized under the laws of the State of Delaware with its principal place of business at 1600

8   Amphitheatre Parkway, Mountain View, California 94043.  Google does business in the Northern

9   District of California.

10  **JURISDICTION AND VENUE**

11  3.   This is an action for patent and copyright infringement arising under the patent and

12  copyright laws of the United States, Titles 35 and 17, United States Code.  Jurisdiction as to these

13  claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

14  4.   Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and

15  1400(b).

16  5.   This Court has personal jurisdiction over Google.  Google has conducted and does

17  conduct business within the State of California and within this judicial district.

18  6.   Google, directly or through intermediaries, makes, distributes, offers for sale or

19  license, sells or licenses, and advertises its products and services in the United States, the State of

20  California, and the Northern District of California.

21  **INTRADISTRICT ASSIGNMENT**

22  7.   This is an Intellectual Property Action to be assigned on a district-wide basis

23  pursuant to Civil Local Rule 3-2(c).

24  **BACKGROUND**

25  8.   Oracle Corporation ("Oracle") is one of the world's leading technology companies,

26  providing complete, open, and integrated business software and hardware systems.  On January

27  27, 2010, Oracle acquired Sun Microsystems, Inc. ("Sun").  Sun is now Oracle America, a

28

COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL          1
CASE NO.
pa-1418106

1    subsidiary of Oracle.  Oracle America continues to hold all of Sun's interest, rights, and title to

2    the patents and copyrights at issue in this litigation.

3        9.    One of the most important technologies Oracle acquired with Sun was the Java

4    platform.  The Java platform, which includes code and other documentation and materials, was

5    developed by Sun and first released in 1995.  The Java platform is a bundle of related programs,

6    specifications, reference implementations, and developer tools and resources that allow a user to

7    deploy applications written in the Java programming language on servers, desktops, mobile

8    devices, and other devices.  The Java platform is especially useful in that it insulates applications

9    from dependencies on particular processors or operating systems.  To date, the Java platform has

10   attracted more than 6.5 million software developers.  It is used in every major industry segment

11   and has a ubiquitous presence in a wide range of computers, networks, and devices, including

12   cellular telephones and other mobile devices.  Sun's development of the Java platform resulted in

13   many computing innovations and the issuance to Sun of a substantial number of important

14   patents.

15       10.   Oracle America is the owner by assignment of United States Patents

16   Nos. 6,125,447; 6,192,476; 5,966,702; 7,426,720; RE38,104; 6,910,205; and 6,061,520,

17   originally issued to Sun.  True and correct copies of the patents at issue in this litigation are

18   included as Exhibits A-G.

19       11.   Oracle America owns copyrights in the code, documentation, specifications,

20   libraries, and other materials that comprise the Java platform.  Oracle America's Java-related

21   copyrights are registered with the United States Copyright Office, including those attached as

22   Exhibit H.

23       12.   Google's Android competes with Oracle America's Java as an operating system

24   software platform for cellular telephones and other mobile devices.  The Android operating

25   system software "stack" consists of Java applications running on a Java-based object-oriented

26   application framework, and core libraries running on a "Dalvik" virtual machine (VM) that

27   features just-in-time (JIT) compilation.  Google actively distributes Android (including without

28

**COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**          2
**CASE NO.**
pa-1418106

1  limitation the Dalvik VM and the Android software development kit) and promotes its use by

2  manufacturers of products and applications.

3      13.   Android (including without limitation the Dalvik VM and the Android software

4  development kit) and devices that operate Android infringe one or more claims of each of United

5  States Patents Nos. 6,125,447; 6,192,476; 5,966,702; 7,426,720; RE38,104; 6,910,205; and

6  6,061,520.

7      14.   On information and belief, Google has been aware of Sun's patent portfolio,

8  including the patents at issue, since the middle of this decade, when Google hired certain former

9  Sun Java engineers.

10     15.   On information and belief, Google has purposefully, actively, and voluntarily

11 distributed Android and related applications, devices, platforms, and services with the expectation

12 that they will be purchased, used, or licensed by consumers in the Northern District of California.

13 Android has been and continues to be purchased, used, and licensed by consumers in the Northern

14 District of California.  Google has thus committed acts of patent infringement within the State of

15 California and, particularly, within the Northern District of California.  By purposefully and

16 voluntarily distributing one or more of its infringing products and services, Google has injured

17 Oracle America and is thus liable to Oracle America for infringement of the patents at issue in

18 this litigation pursuant to 35 U.S.C. § 271.

19                          **COUNT I**

20              **(Infringement of the '447 Patent)**

21     16.   Oracle America hereby restates and realleges the allegations set forth in paragraphs

22 1 through 15 above and incorporates them by reference.

23     17.   On September, 26, 2000, United States Patent No. 6,125,447, ("the '447 patent")

24 entitled "Protection Domains To Provide Security In A Computer System" was duly and legally

25 issued to Sun by the United States Patent and Trademark Office.  Oracle America is the owner of

26 the entire right, title, and interest in and to the '447 patent.  A true and correct copy of the '447

27 patent is attached as Exhibit A to this Complaint.

28

1    18.    Google actively and knowingly has infringed and is infringing the '447 patent with

2    knowledge of Oracle America's patent rights and without reasonable basis for believing that

3    Google's conduct is lawful.  Google has also induced and contributed to the infringement of the

4    '447 patent by purchasers, licensees, and users of Android, and is continuing to induce and

5    contribute to the infringement of the '447 patent by purchasers, licensees, and users of Android.

6    Google's acts of infringement have been and continue to be willful, deliberate, and in reckless

7    disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for

8    infringement of the '447 patent pursuant to 35 U.S.C. § 271.

9                                    **COUNT II**

10                          **(Infringement of the '476 Patent)**

11    19.    Oracle America hereby restates and realleges the allegations set forth in paragraphs

12    1 through 15 above and incorporates them by reference.

13    20.    On February 20, 2000, United States Patent No. 6,192,476, ("the '476 patent")

14    entitled "Controlling Access To A Resource" was duly and legally issued to Sun by the United

15    States Patent and Trademark Office.  Oracle America is the owner of the entire right, title, and

16    interest in and to the '476 patent.  A true and correct copy of the '476 patent is attached as Exhibit

17    B to this Complaint.

18    21.    Google actively and knowingly has infringed and is infringing the '476 patent with

19    knowledge of Oracle America's patent rights and without reasonable basis for believing that

20    Google's conduct is lawful.  Google has also induced and contributed to the infringement of the

21    '476 patent by purchasers, licensees, and users of Android, and is continuing to induce and

22    contribute to the infringement of the '476 patent by purchasers, licensees, and users of Android.

23    Google's acts of infringement have been and continue to be willful, deliberate, and in reckless

24    disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for

25    infringement of the '476 patent pursuant to 35 U.S.C. § 271.

26

27

28

**COUNT III**

**(Infringement of the '702 Patent)**

22.    Oracle America hereby restates and realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

23.    On October 12, 1999, United States Patent No. 5,966,702, ("the '702 patent") entitled "Method And Apparatus For Preprocessing And Packaging Class Files" was duly and legally issued to Sun by the United States Patent and Trademark Office.  Oracle America is the owner of the entire right, title, and interest in and to the '702 patent.  A true and correct copy of the '702 patent is attached as Exhibit C to this Complaint.

24.    Google actively and knowingly has infringed and is infringing the '702 patent with knowledge of Oracle America's patent rights and without reasonable basis for believing that Google's conduct is lawful.  Google has also induced and contributed to the infringement of the '702 patent by purchasers, licensees, and users of Android, and is continuing to induce and contribute to the infringement of the '702 patent by purchasers, licensees, and users of Android. Google's acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for infringement of the '702 patent pursuant to 35 U.S.C. § 271.

**COUNT IV**

**(Infringement of the '720 Patent)**

25.    Oracle America hereby restates and realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

26.    On September 16, 2008, United States Patent No. 7,426,720, ("the '720 patent") entitled "System And Method For Dynamic Preloading Of Classes Through Memory Space Cloning Of A Master Runtime System Process" was duly and legally issued to Sun by the United States Patent and Trademark Office.  Oracle America is the owner of the entire right, title, and interest in and to the '720 patent.  A true and correct copy of the '720 patent is attached as Exhibit D to this Complaint.

27.     Google actively and knowingly has infringed and is infringing the '720 patent with knowledge of Oracle America's patent rights and without reasonable basis for believing that Google's conduct is lawful.  Google has also induced and contributed to the infringement of the '720 patent by purchasers, licensees, and users of Android, and is continuing to induce and contribute to the infringement of the '720 patent by purchasers, licensees, and users of Android. Google's acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for infringement of the '720 patent pursuant to 35 U.S.C. § 271.

## COUNT V

### (Infringement of the '104 Patent)

28.     Oracle America hereby restates and realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

29.     On April 29, 2003, United States Patent No. RE38,104, ("the '104 patent") entitled "Method And Apparatus For Resolving Data References In Generate Code" was duly and legally issued to Sun by the United States Patent and Trademark Office.  Oracle America is the owner of the entire right, title, and interest in and to the '104 patent.  A true and correct copy of the '104 patent is attached as Exhibit E to this Complaint.

30.     Google actively and knowingly has infringed and is infringing the '104 patent with knowledge of Oracle America's patent rights and without reasonable basis for believing that Google's conduct is lawful.  Google has also induced and contributed to the infringement of the '104 patent by purchasers, licensees, and users of Android, and is continuing to induce and contribute to the infringement of the '104 patent by purchasers, licensees, and users of Android. Google's acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for infringement of the '104 patent pursuant to 35 U.S.C. § 271.

**COUNT VI**

**(Infringement of the '205 Patent)**

31.     Oracle America hereby restates and realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

32.     On June 21, 2005, United States Patent No. 6,910,205, ("the '205 patent") entitled "Interpreting Functions Utilizing A Hybrid Of Virtual And Native Machine Instructions" was duly and legally issued to Sun by the United States Patent and Trademark Office.  Oracle America is the owner of the entire right, title, and interest in and to the '205 patent.  A true and correct copy of the '205 patent is attached as Exhibit F to this Complaint.

33.     Google actively and knowingly has infringed and is infringing the '205 patent with knowledge of Oracle America's patent rights and without reasonable basis for believing that Google's conduct is lawful.  Google has also induced and contributed to the infringement of the '205 patent by purchasers, licensees, and users of Android, and is continuing to induce and contribute to the infringement of the '205 patent by purchasers, licensees, and users of Android.  Google's acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for infringement of the '205 patent pursuant to 35 U.S.C. § 271.

**COUNT VII**

**(Infringement of the '520 Patent)**

34.     Oracle America hereby restates and realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

35.     On May 9, 2000, United States Patent No. 6,061,520, ("the '520 patent") entitled "Method And System for Performing Static Initialization" was duly and legally issued to Sun by the United States Patent and Trademark Office.  Oracle America is the owner of the entire right, title, and interest in and to the '520 patent.  A true and correct copy of the '520 patent is attached as Exhibit G to this Complaint.

36.     Google actively and knowingly has infringed and is infringing the '520 patent with knowledge of Oracle America's patent rights and without reasonable basis for believing that

1   Google's conduct is lawful.  Google has also induced and contributed to the infringement of the

2   '520 patent by purchasers, licensees, and users of Android, and is continuing to induce and

3   contribute to the infringement of the '520 patent by purchasers, licensees, and users of Android.

4   Google's acts of infringement have been and continue to be willful, deliberate, and in reckless

5   disregard of Oracle America's patent rights.  Google is thus liable to Oracle America for

6   infringement of the '520 patent pursuant to 35 U.S.C. § 271.

7                                    **COUNT VIII**

8                            **(Copyright Infringement)**

9           37.    Oracle America hereby restates and realleges the allegations set forth in paragraphs

10  1 through 15 above and incorporates them by reference.

11          38.    The Java platform contains a substantial amount of original material (including

12  without limitation code, specifications, documentation and other materials) that is copyrightable

13  subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

14          39.    Without consent, authorization, approval, or license, Google knowingly, willingly,

15  and unlawfully copied, prepared, published, and distributed Oracle America's copyrighted work,

16  portions thereof, or derivative works and continues to do so.  Google's Android infringes Oracle

17  America's copyrights in Java and Google is not licensed to do so.

18          40.    On information and belief, users of Android, including device manufacturers, must

19  obtain and use copyrightable portions of the Java platform or works derived therefrom to

20  manufacture and use functioning Android devices.  Such use is not licensed.  Google has thus

21  induced, caused, and materially contributed to the infringing acts of others by encouraging,

22  inducing, allowing and assisting others to use, copy, and distribute Oracle America's

23  copyrightable works, and works derived therefrom.

24          41.    On information and belief, Google's direct and induced infringements are and have

25  been knowing and willful.

26          42.    By this unlawful copying, use, and distribution, Google has violated Oracle

27  America's exclusive rights under 17 U.S.C. § 106.

28

COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL          8
CASE NO.

1      43.    Google has realized unjust profits, gains and advantages as a proximate result of its

2 infringement.

3      44.    Google will continue to realize unjust profits, gains and advantages as a proximate

4 result of its infringement as long as such infringement is permitted to continue.

5      45.    Oracle America is entitled to an injunction restraining Google from engaging in any

6 further such acts in violation of the United States copyright laws.  Unless Google is enjoined and

7 prohibited from infringing Oracle America's copyrights, inducing others to infringe Oracle

8 America's copyrights, and unless all infringing products and advertising materials are seized,

9 Google will continue to intentionally infringe and induce infringement of Oracle America's

10 registered copyrights.

11      46.    As a direct and proximate result of Google's direct and indirect willful copyright

12 infringement, Oracle America has suffered, and will continue to suffer, monetary loss to its

13 business, reputation, and goodwill.  Oracle America is entitled to recover from Google, in

14 amounts to be determined at trial, the damages sustained and will sustain, and any gains, profits,

15 and advantages obtained by Google as a result of Google's acts of infringement and Google's use

16 and publication of the copied materials.

17      **PRAYER FOR RELIEF**

18 WHEREFORE, Oracle America prays for judgment as follows:

19      A.    Entry of judgment holding Google liable for infringement of the patents and

20 copyrights at issue in this litigation;

21      B.    An order permanently enjoining Google, its officers, agents, servants, employees,

22 attorneys and affiliated companies, its assigns and successors in interest, and those persons in

23 active concert or participation with it, from continued acts of infringement of the patents and

24 copyrights at issue in this litigation;

25      C.    An order that all copies made or used in violation of Oracle America's copyrights,

26 and all means by which such copies may be reproduced, be impounded and destroyed or

27 otherwise reasonably disposed of;

28      D.    An order awarding Oracle America statutory damages and damages according to

1   proof resulting from Google's infringement of the patents and copyrights at issue in this litigation,

2   together with prejudgment and post-judgment interest;

3        E.     Trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate

4   nature of Google's infringement of the patents at issue in this litigation;

5        F.     An order awarding Oracle America its costs and attorney's fees under 35 U.S.C.

6   § 285 and 17 U.S.C. § 505; and

7        G.     Any and all other legal and equitable relief as may be available under law and

8   which the court may deem proper.

9

10   **DEMAND FOR A JURY TRIAL**

11   Oracle America demands a jury trial for all issues so triable.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  Dated:  August 12, 2010                    By: _____

3                                              MORRISON & FOERSTER LLP
                                               MICHAEL A. JACOBS (Bar No. 111664)
4                                              mjacobs@mofo.com
                                               MARC DAVID PETERS (Bar No. 211725)
5                                              mdpeters@mofo.com
                                               755 Page Mill Road
6                                              Palo Alto, CA  94304-1018
                                               Telephone: (650) 813-5600
7                                              Facsimile (650) 494-0792

8                                              BOIES, SCHILLER & FLEXNER LLP
                                               DAVID BOIES (*Pro Hac Vice* Pending)
9                                              dboies@bsfllp.com
                                               333 Main Street
10                                             Armonk, NY 10504
                                               Telephone: (914) 749-8200
11                                             Facsimile: (914) 749-8300
                                               STEVEN C. HOLTZMAN (Bar No. 144177)
12                                             sholtzman@bsfllp.com
                                               1999 Harrison St., Suite 900
13                                             Oakland, CA  94612
                                               Telephone (510) 874-1000
14                                             Facsimile: (510) 874-1460

15

16                                             ORACLE CORPORATION
                                               MATTHEW M. SARBORARIA
17                                             (Bar No. 211600)
                                               matthew.sarboraria@oracle.com
18                                             500 Oracle Parkway
                                               Redwood City, CA  94065
19                                             Telephone: (650) 506-5200
                                               Facsimile: (650) 506-7114

20                                             *Attorneys for Plaintiff*
                                               ORACLE AMERICA, INC.
21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL          11
CASE NO.
pa-1418106

# EXHIBIT 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### Northern District of Illinois

| | | |
|---|---|---|
| Oracle America, Inc., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 3:10-cv-03561-WHA |
| | ) | |
| Google, Inc., | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Northern District of California) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Motorola Mobility, Inc.
    600 North U.S. Highway 45, Libertyville, IL 60048

    ☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attached Schedule A

| Place: | Date and Time: |
|---|---|
| Merrill Corporation | April 27, 2011 |
| 311 South Wacker Drive, Suite 300, Chicago, IL 60606 | 10:00 a.m. |

    ☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: April 12, 2011

_CLERK OF COURT_

                                        OR    _Roman A. Swoopes_

_____                 _____
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_
                                           Roman A. Swoopes

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ Oracle America, Inc.
_____, who issues or requests this subpoena, are:
Roman A. Swoopes, Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304-1018
Email: rswoopes@mofo.com; Ph: (650) 813-5600

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:10-cv-03561-WHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).


American LegalNet, Inc.
www.FormsWorkFlow.com

## Schedule A

### Definitions and Instructions

1.      "Google" refers to Google Inc. and Android, Inc., and their employees and other persons or entities acting on their behalf.

2.      "Open Handset Alliance" refers to the Open Handset Alliance as referenced in http://www.openhandsetalliance.com, including each member, specification lead, technical lead, or other persons or entities authorized to act on its behalf.

3.      "Motorola," "you," and "your" refer to Motorola Mobility, Inc.; other Motorola-affiliated entities; and their employees.

4.      "Android" refers to the software platform for mobile devices as referenced in http://www.openhandsetalliance.com, http://developer.android.com, and http://android.git.kernel.org, and includes any versions thereof, and related public or proprietary source code, executable code, applications, and documentation.

5.      "Motorola Android Devices" refers to devices that Motorola manufactures, sells, offers for sale, or imports that runs, is sold with, or is loaded with Android or software derived from Android.  Examples include the Atrix 4G, Cliq, Cliq 2, Droid 2, Droid Pro, Droid X, Droid, Bravo, Flipside, Citrus, Defy, Charm, Backflip, Devour, Xoom, and i1.

6.      This subpoena shall apply to all documents and things in your actual or constructive possession, custody, or control as of the date of service hereof or coming into your possession, custody, or control prior to the date of the production.

7.      Electronic records and computerized information shall be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligibly.  Production in native format is requested,

along with any necessary documentation or software to permit loading and reviewing such
materials in an intelligible form, if such is not commonly available.

### Requests for Production

1.      Documents reflecting communication between Google and Motorola (whether or
not through the Open Handset Alliance) relating to Android and concerning any license or other
agreement, any intellectual property issues, or any compensation or revenue.

2.      Documents sufficient to show the sequence of steps Motorola follows to retrieve,
port, load, install, test, or execute Android for or on Motorola Android Devices.

3.      Documents sufficient to identify each package and source code file Motorola
retrieved from http://android.git.kernel.org for loading, installation, or execution on Motorola
Android Devices.

4.      Documents sufficient to identify the changes Motorola made to the packages and
source code files retrieved from http://android.git.kernel.org before loading, installation, or
execution on Motorola Android Devices.

5.      Android-related instructions, directions, source code, and technical specifications
that are not publicly available through http://android.git.kernel.org or
http://developer.android.com that were made available to Motorola by Google (whether or not
through the Open Handset Alliance).

6.      Documents sufficient to show the extent to which and conditions under which
Google forbids or restricts Motorola from modifying Android, or Motorola has otherwise agreed
not to modify Android, before loading, installing, or executing Android on Motorola Android
Devices.

2

7.    Documents sufficient to show the extent to which the java.security API, source code, or object code (including ProtectionDomain.java) is used in Motorola Android Devices.

8.    Documents sufficient to show the extent to which the Zygote API, source code, or object code (including ZygoteInit.java and dalvik_system_Zygote.c) is used in Motorola Android Devices.

9.    Documents sufficient to show the extent to which Jit.c, CodegenDriver.c, DexOptimize.c, and Optimize.c (in source code or object code form) is used in Motorola Android Devices.

10.    Documents sufficient to show the extent to which Motorola uses the Android dx tool, and whether Motorola has made any modifications to that tool.

11.    Documents sufficient to show the extent to which Resolve.c (in source code or object code form) is used in Motorola Android Devices.

12.    Documents sufficient to show the extent to which any part of the Java Class Library APIs, source code, or object code is used in Motorola Android Devices.

13.    Documents sufficient to show Android-related payments made to Google by Motorola, or to Motorola by Google, including advertisement-based revenue, upfront payments, licensing fees, revenue sharing, and monetary contributions to the Open Handset Alliance.

14.    Documents sufficient to show actual and projected numbers of Motorola Android Devices in use and activations of Motorola Android Devices on a monthly, quarterly, and annual basis and on a per-Android-version basis.

15.    Documents concerning any assessment or discussion of Java use or implementation in Motorola's mobile devices or its use in Android.

16.    Documents concerning or reflecting any plan or proposal, or any communication with Google, relating to any monetary or non-monetary benefit to Google from the sale, distribution, or use of Android or any Android device.

17.    Documents reflecting or relating to communications between Google and Motorola (whether or not through the Open Handset Alliance) regarding the need for or wisdom of obtaining any license from Oracle Corporation, Oracle America, Inc., or Sun Microsystems, Inc. with respect to Motorola Android Devices, or Oracle America, Inc.'s lawsuit against Google, Case No. 3:10-cv-03561-WHA, including any discussion concerning indemnification.

18.    Communications between Google and Motorola concerning requirements of membership of the Open Handset Alliance imposed on Motorola.

19.    Documents sufficient to identify each Motorola entity or affiliate that has documents responsive to the preceding requests.

# EXHIBIT 3

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | | |
|---|---|---|
| Oracle America, Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 3:10-cv-03561-WHA |
| | ) | |
| Google, Inc. | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Northern District of California) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
   Motorola Mobility, Inc.
   600 North U.S. Highway 45, Libertyville, IL 60048

   ☒ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
   Schedule A

| Place:<br>Veritext, 1 North LaSalle Street, Suite 400, Chicago, Illinois | Date and Time:<br>July 28, 2011 at 9:30 a.m. |
|---|---|

| The deposition will be recorded by this method: | Recorded by stenographic means, videotaped, and transcribed using real time interactive transcription such as LiveNote |
|---|---|

   ☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  7/13/2011

|  CLERK OF COURT | OR | _Roman A. Swoopes_ |
|---|---|---|
| _____<br>_Signature of Clerk or Deputy Clerk_ | | _____<br>_Attorney's signature_<br>Roman A. Swoopes |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_  Oracle America, Inc.
_____, who issues or requests this subpoena, are:
Roman A. Swoopes, Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304-1018
Email: rswoopes@mofo.com; Ph: (650) 813-5600

American LegalNet, Inc.<br>www.FormsWorkFlow.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:10-cv-03561-WHA

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                            *Server's signature*

                                           _____
                                                            *Printed name and title*

                                           _____
                                                            *Server's address*

Additional information regarding attempted service, etc:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkFlow.com

## Schedule A

## Definitions and Instructions

1.      "Google" refers to Google Inc. and Android, Inc., and their employees and other persons or entities acting on their behalf.

2.      "Open Handset Alliance" refers to the Open Handset Alliance as referenced in http://www.openhandsetalliance.com, including each member, specification lead, technical lead, or other persons or entities authorized to act on its behalf.

3.      "Motorola," "you," and "your" refer to Motorola Mobility, Inc.; other Motorola-affiliated entities; and their employees.

4.      "Android" refers to the software platform for mobile devices as referenced in http://www.openhandsetalliance.com, http://developer.android.com, and http://android.git.kernel.org, and includes any versions thereof, and related public or proprietary source code, executable code, applications, and documentation.

5.      "Motorola Android Devices" refers to devices that Motorola manufactures, sells, offers for sale, or imports that runs, is sold with, or is loaded with Android or software derived from Android.  Examples include the Atrix 4G, Cliq, Cliq 2, Droid 2, Droid Pro, Droid X, Droid, Bravo, Flipside, Citrus, Defy, Charm, Backflip, Devour, Xoom, and i1.

## Topics of Deposition

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are hereby directed, to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below:

1.     Each package and source code file Motorola retrieves from http://android.git.kernel.org for loading, installation, or execution on Motorola Android Devices, and any changes Motorola makes to those packages and source code files.

2.     The extent to which Motorola uses the Android dx tool, and whether Motorola has made any modifications to that tool.

07/14/2011  13:46    4154875772

SPECIALIZED LEGAL                    PAGE  02/02

NAME ADDRESS AND TELEPHONE NUMBER OF ATTORNEY

ROMAN A. SWOOPES, ESQ.
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

ATTORNEY(S) FOR: Plaintiff

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| ORACLE AMERICA, INC. | CASE NUMBER |
|---|---|
| Plaintiff, | 3:10-CV-03561-WHA |
| v. | |
| GOOGLE, INC. | **DECLARATION OF SERVICE** |
| Defendant. | |

At the time of service I was a citizen of the United States, over the age of eighteen, and not a party to this action; I served copies of the:

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; WITNESS FEE IN THE AMOUNT OF $87.73

in the within action by personally delivering true copies thereof to the person served as follows:

Served           : MOTOROLA MOBILITY, INC.

By serving       : Myra Krein, Authorized to Accept Service

Address          : (Business)
                   600 North U.S. Highway 45
                   Libertyville, IL 60048

Date of Service  : July 14, 2011

Time of Service  : 1:50 PM

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Date: July 14, 2011

LEGAL DOCUMENT
MANAGEMENT, INC.
79 W. MONROE STREET, STE. 1020
CHICAGO, IL 60603      Signature: *Richard Gerber*

RICHARD GERBER
PI # 117-001119

295160